*151 Opinion of the Court by
Chief Justice Bibb.
In settling the accounts of the administrator, the commissioners appointed by the county court, allowed him a commission of five per cent on the amount of the monies by him collected and disbursed Upon the report to the county court, the distributees objected to the allowance of five percent on $2989 87 1-2, part of the whole sum of $3818 78 — because, said sum was the proceeds of four slaves sold by the administrator and distributed, because a division could not conveniently be made otherwise, and the heirs and distributees had, by their written agreement, authorized the administrator so to do. He had sold the slaves accordingly, divided the proceeds and taken the receipts of each of the persons entitled.
The objection was, that this cost the administrator but little time and trouble; and because, in that he acted under the agreement and not as administrator.
After hearing evidence on both sides, stating, of the part of the administrator, that five per cent was the usual and customary allowance to executors and administrators—and on the other, that the sales of these slaves were made under the agreement and took but little time and trouble, the court struck out five and allowed only three and an half per cent on that amount. To this the heirs and distributees took exceptions.
That the sales of the slaves were authorized by a written consent signed by the heirs, is true. But that written assent and authority is upon its face given to the administrator.
Having received the slaves as assets, and sold them, he was bound to account, as adminisitrator, for the proceeds. This account he rendered.
Although it may have cost him but little time and *152 trouble to transact this part of his office, yet his responsibility to the creditors and to the heirs in his office as administrator, does not begin nor end with that transaction. We can not say that the allowance made by the county court was unreasonable; it seems by the evidence to be less than usual. The allowance being left to the discretion of the court, regulated by no certain or fixed standard established by law, we do not feel disposed to interfere, unless a case of excessive and flagrant allowance should be presented.
Taul and French, for plaintiff; Hanson, for def’t.
Judgment affirmed with costs.